Southard J.
This action was founded on an agreement in writing, by which Sutton undertook, in consideration that Petty would surrender to him the possession of a certain farm, that he would pay to Petty “ whatever sum” certain “ arbitrators” therein named, “ might award for *582 Benajah Gustin to pay, to him, provided the said Gustin should fail to pay” the same. The state of demand alleges, that Petty did surrender the possession ; that *the referees reported that Gustin should pay 63 dollars, 83 cents, as damages; that a judgment had been entered on the report for the damages and 21 dollars, 32 cents, costs; execution issued thereon, and the writ returned; that Gustin denied having any property; and the plaintiff claims the amount of damages and costs. The cause was tried by a jury and verdict rendered for 85 dollars, 15 cents.
The counsel for the plaintiff in certiorari, has relied on four reasons for reversal.
1. That the award made by the arbitrators, was not in evidence on the trial, nor any legal evidence of it. To this I think it is satisfactorily answered, that it does not appear that the award was not before the jury. The justice is not bound to enter the written evidence on his docket, and because it is not noted we do not therefore infer that it was not received. Besides, being the best evidence of the amount of the plaintiff’s claim, the presumption is, that it was given; a presumption only to be rebutted by a positive certificate, of the justice, to the contrary.
2. The undertaking was collateral; the defendant was only to pay in case ■Gustin failed. The evidence of his failure, was not full and sufficient. Answer. Whether evidence was sufficient, was for the jury to determine, and I think they determined rightly. The execution and return of it were good proof.
3. The contract is to be construed strictly; he was ■ bound only for the damages which should be awarded; but the judgment goes further, and comprehends also the costs. I answer ; we have not the awrard before us, and cannot therefore tell whether it requires Gustin to pay the costs. If it did, Sutton must also pay them, for he is, by his agreement, to pay whatever sum should be awarded. The entry of judgment against Gustin for the damages and costs, affords a fair inference that the award included costs.
4. Nicholas Cox, one of the jurors, was above the age of *583 sixty-five years, but the parties agreed tí ¡at he should sit upon the jury.
This agreement, and the swearing of this juror, I consider altogether erroneous. Parties have a perfect right to have their causes tried by men of their own choosing, but then it must be as arbitrators or referees. If tried by a jury, the members of that jury must have the legal qualifications. No consent or agreement *of parties can give these qualifications. The law has very plainly pointed them out, and neither courts nor parties have a right to disregard them. If they may be waived or disregarded in one instance, they may in every other. If, by agreement, a man above sixty-five years may serve, one who is under twenty-one, of kin to the parties, or not a freeholder, may in like manner. The law ought not, in this way, to be rendered nugatory. Had this man been sworn on the jury without a knowledge of his disqualification by the court and parties, the judgment ought to stand. The law, for obvious and wise reasons, would leave the verdict untouched. But this is not the case where it is knowingly violated. I am therefore in favour of reversing the judgment.
Kirkpatrick C. J.
With respect to the juror who was said to be above the age of sixty-five, the justice, in his return, merely says, “ Mr. Nicholas Cox was agreed to as a juror by the parties, though above the age of sixty-five.”
The act of 1797, relative to juries and verdicts, enacts, “That every juror, who shall be returned upon trial of issues in the Supreme Court, or in any of the Circuit Courts, or before any justice or justices of assize or in any of the inferior Courts of Common Pleas, shall be above the age of twenty-one and under the age of sixty-five years, Ac. And if any juror who is not so qualified, shall be summoned upon an issue in any of the courts in this section specified, it shall be a good cause of challenge to such juror, who shall be discharged upon such challenge being verified and substantiated according to law; or on his own allegation, and oath or affirmation in support *584 thereof; provided such challenge be taken before he is or affirmed.”
ft i^g been doubted, and not without reason, whether this act at all prescribes the qualifications of jurors to be summoned in the justices’ courts, and whether it does not rather leave them upon the principles of the ancient law. But suppose it to apply equally to those as to the courts mentioned in the act itself, yet does it apply in this case ? The age of this juror seems to have been known to the parties, and perhaps also to the justice, or at least to have been suspected by them; but there is no challenge by either of the said parties in the suit; no verification of the fact; no allegation by the juror; and much less any oath or affirmation of his being above the lawful age. What then was to be done ? *Was the justice to discharge him upon his own private knowledge, or was he to seek for witnesses to disqualify him ? Surely not.
Concurring, therefore, with my brother Southard in the other reasons, but differing in this, I think the judgment must be affirmed.